**Surendra KUMAR; Geeta Kumar; Nilesh Kumar; Donald Shailesh Kumar; Daniel Ritesh Kumar, Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–74031.

United States Court of Appeals, Ninth Circuit.

Submitted March 15, 2004.*

Decided March 23, 2004.

---

Surendra Kumar, Sacramento, CA, pro se.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Marion E. Guyton, Attorney, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: B. FLETCHER, WARDLAW, and CLIFTON, Circuit Judges.

MEMORANDUM **

Surendra Kumar, his wife Geeta Kumar, and their three children ("Petitioners"), all natives and citizens of Fiji, with the exception of Daniel, who was born in Canada, petition pro se for review of the Board of Immigration Appeals' ("BIA") denial of their second motion to reopen deportation proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a). *Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997). We review the denial of a motion to reopen for abuse of discretion. *Singh v. INS,* 213 F.3d 1050, 1052 (9th Cir.2000). We deny the petition for review.

The BIA did not abuse its discretion in denying Petitioners' motion to reopen as untimely under 8 C.F.R. § 3.2(c)(2) (2002), because the record shows, and Petitioners do not dispute, that the motion was filed on September 5, 2002, more than 90 days after the July 15, 1998 final order of deportation, and Petitioners have failed to raise any equitable tolling arguments, *see Taniguchi v. Schultz,* 303 F.3d 950, 955 (9th Cir.2002), and did not show changed circumstances in Fiji, *see* 8 C.F.R.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

§ 3000.2(c)(3)(ii) (formerly 8 C.F.R. § 3.2(c)(3)(ii)).

In addition, the BIA did not abuse its discretion in denying the motion to reopen because it was not supported by "affidavits or other evidentiary material." *See INS v. Wang,* 450 U.S. 139, 143, 101 S.Ct. 1027, 67 L.Ed.2d 123 (1981) (per curiam); *see* 8 C.F.R. § 1003.2(c)(1) (formerly 8 C.F.R. § 3.2(c)(1)).

The court sua sponte changes the docket to reflect that John Ashcroft, Attorney General, is the proper respondent. The Clerk shall amend the docket to reflect the above caption.

## PETITION FOR REVIEW DENIED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.